BOWES, Judge,
dissenting.
I am unable to indulge in the assumptions made by the majority in their opinion to the effect that a sale by the Buonis to a third party took place, as well as their assumption that the third party purchaser was in good faith and relied on the public records which showed no mortgage in favor of Mrs. Robertson. In considering the evidence, I am forced to the conclusion that my learned brothers are indulging in pure speculation. It is just as likely that if Mrs. Robertson is no longer the record owner of the property that this is because of the sale from her to the Buonis. In any event, both the majority and I agree that there is not one shred of evidence in the record, including the transcript, that the subject property was sold to a third party.
There is no indication that a third party was involved in any transaction before us; therefore, the public records doctrine is inapplicable and I disagree with that portion of the majority’s reasoning.
It appears to me that appellant would be entitled to relief under La.C.C. Arts. 2561 and 2562, which read as follows:
Art. 2561. Dissolution of sale for nonpayment of price
Art. 2561. If the buyer does not pay the price the seller may sue for the dissolution of the sale. This right of dissolution shall be an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dissolution; but if any refuse, the others by paying the amount due the parties who refuse shall become subrogated to their rights. (As amended by Acts 192⅛, No. 108)
Art. 2562. Summary dissolution of sale of immovables for non-payment of price; extension of time for payment
Art. 2562. The dissolution of the sale of immovables is summarily awarded, when there is danger that the seller may lose the price and the thing itself.
If that danger does not exist, the judge may grant to the buyer a longer or short *565 er time, according to circumstances, provided such term exceed not six months.
This term being expired without the buyer’s yet having paid, the judge shall cancel the sale.
In my opinion, the first paragraph of Article 2562 appears applicable. From the testimony, it is obvious to me that the plaintiff will most assuredly lose the price (except for the single $8,000 original payment she admittedly received) and the thing itself, since the purchaser cannot be located and, apparently, has no intention of returning. Since none of the annual installments due on the note were ever paid, the whole amount of all the remaining payments are now due at once and without notice under the acceleration clause of the note.[1]
This poor plaintiff was either brutally swindled or she received some extremely poor legal advice. In either case, the situation she now finds herself in cries out for justice. Certainly, we should not let the property stay in limbo, while an irresponsible and callous would-be purchaser wanders out of the picture forever, leaving this poor lady with no title, no property, no purchase price, and still obligated to pay the Jefferson Homestead the balance due on the original mortgage (which appears to be over $40,000, plus interest and taxes, etc.)
This case certainly could have been presented more clearly and adequately in the district court. The act of sale was not even introduced in evidence, nor was the original mortgage to Jefferson Homestead to show her continued obligation, nor was any corroboration of the plaintiff’s testimony offered. Nevertheless, a prima facie case of terrible injustice and an intolerable situation was shown. Also, since the record fails to reveal any sale to a third party, the only person that is suffering from the judgment of the lower court and the affirmance of that judgment by the majority decision is this unfortunate plaintiff.
Under La.C.C.P. Article 2164 [2], the Court of Appear can render any judgment which is just, legal, and proper upon the record.
Accordingly, I would reverse the district judge and remand the case to the district court to take any additional evidence and admit any documents necessary to allow plaintiff to clarify her case and to clear up the question of whether or not the property was sold to a third party.
For the above reasons, I respectfully dissent.

. Failure to pay any installment hereof when due, shall, at the option of holder, ipso facto and at once and without notice or demand, mature all remaining unpaid installments.

. Art. 2164. Scope of appeal and action to be taken; costs
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.